UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES M. NEFF, JR. and STACY MARIE ADAMS-NEFF, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No.<br><br>CLASS ACTION<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

CHARLES M NEFF, JR. and STACY MARIE ADAMS-NEFF ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this action against Portfolio Recovery Associates, LLC ("Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1. This action seeks damages, attorneys' fees, and costs against Defendant for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the claims at issue under 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3. The Court has personal jurisdiction over Defendant because the claims at issue arose in this district and Defendant does substantial business in this district.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions at issue occurred in this district.

## PARTIES

5. Plaintiffs are and were residents of Washington County, Pennsylvania at all times relevant to this action.

6. Defendant Portfolio Recovery Associates LLC is a limited liability company with its principal place of business in Norfolk, Virginia.

7. Defendant's sole business is the purchasing of consumer debt with the purpose of collecting on that debt.

8. Defendant uses instrumentalities of interstate commerce, such as telephone, mail, and the internet, to collect on debt.

## FACTUAL ALLEGATIONS

9. In January 2019, Defendant filed a proof of claim (the "POC") in a Chapter 13 bankruptcy proceeding concerning Plaintiffs.

10. The POC claimed Defendant purchased a loan Plaintiffs were alleged to have opened with OneMain Financial (the "Loan").

11. By filing the POC, Defendant attempted to collect on the Loan.

12. Defendant's conduct constitutes as an unlawful attempt to collect on the Loan because Defendant was not lawfully permitted to purchase the Loan and cannot lawfully collect on the Loan.

13. OneMain Financial is a consumer discount company regulated by the Consumer Discount Company Act ("CDCA"), 7 Pa. Stat. §§ 6201, *et seq*.

14. A consumer discount company is a non-bank finance company that makes, buys, or sells consumer loans in amounts under $25,000 with combined fees, interest, charges, and other amounts that aggregate in excess of 6% per year.

15. The CDCA requires consumer discount companies to have a consumer discount company license in order to make, buy, or sell a CDCA loan. 7 Pa. Stat. § 6203.

16. The CDCA specifically prohibits non-licensed, non-bank entities from purchasing CDCA loans from non-bank entities licensed under the CDCA. 7 Pa. Stat. § 6214.I.

17. Defendant is not licensed as a consumer discount company under the CDCA.

18. Accordingly, Defendant cannot lawfully purchase CDCA loans from any consumer discount company, and no consumer discount company can lawfully sell Defendant a CDCA loan.

19. To the extent Defendant purchased any CDCA loans from any consumer discount company, those purchases are void.

20. Defendant cannot lawfully collect on any of the CDCA loans it purchased from OneMain Financial, including the Loan, or any other consumer discount company licensed under the CDCA.

21. As a result of Defendant's actions, the rights of Plaintiffs and those similarly situated to Plaintiffs were violated, and Plaintiffs and the members of the class defined below suffered injury in fact.

## CLASS ALLEGATIONS

22. Plaintiffs bring this action individually and on behalf of all others similarly situated under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

23. Plaintiffs seeks to certify the following class: "All individuals in the state of Pennsylvania who, within the applicable statute of limitations, had a CDCA loan purchased by Defendant, and who had Defendant attempt to collect that loan, either directly or indirectly."

24. Plaintiffs reserves the right to expand, narrow, or otherwise modify the class as the litigation continues and discovery proceeds.

25. <u>Numerosity:</u> The class is so numerous that joinder is impracticable. On information and belief, the members of the class number in the hundreds.

26. <u>Ascertainability:</u> The class is ascertainable because Defendant, the courts, and the relevant creditors keep and collect relevant information on each class member.

27. <u>Typicality:</u> Plaintiffs' claims are typical of the claims of the class because the claims of Plaintiffs and the class are based on the same legal theories and arise from the same conduct.

28. <u>Commonality and Predominance</u>: Plaintiffs and the class members share numerous common questions of law and fact that will drive the resolution of this litigation and that predominate over any individual issues. For instance, Defendant either is able to lawfully purchase CDCA loans and collect those loans without a CDCA license or it is not. Similarly, Defendant's unlawful purchase of CDCA loans either voids the loans or it does not. Finally, Defendant's attempts to collect on CDCA loans that it has no lawful right to purchase, hold, or collect either violates the law as to Plaintiffs and all of the class members or as to none of them. These common questions and other similar common questions of law and fact will drive the resolution of this litigation and predominate over any individual issues.

29. <u>Adequacy:</u> Plaintiffs are adequate representatives of the class because Plaintiffs' interests do not conflict with the interests of the class members. Plaintiffs will fairly, adequately,

and vigorously represent and protect the interests of the classes, and Plaintiffs have no interests antagonistic to the classes. Plaintiffs also have retained counsel who are competent and experienced in the prosecution of class action litigation generally and FDCPA litigation specifically.

30. <u>Superiority</u>: The injury sustained by each class member is not of such magnitude that it is economically feasible to prosecute individual actions against Defendant. Requiring many injured plaintiffs to file individual actions would impose a crushing burden on the court system and almost certainly lead to inconsistent judgments. By contrast, class treatment presents far fewer management difficulties and provides benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

### COUNT I
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692, *et seq.*

31. Plaintiffs repeat and re-allege all prior allegations as if set forth at length herein.

32. This claim is brought individually and on behalf of the class.

33. Plaintiffs are consumers, the Loan is a debt, and Defendant is a debt collector under the FDCPA. 15 U.S.C. §§ 1692a(3), (5), (6).

34. Defendant's actions and practices described herein constitute as false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, and unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

35. As a result of Defendant's failure to comply with the provisions of the FDCPA, and the resulting injury and harm Defendant's failure caused, Plaintiffs are entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

a. An order certifying the proposed class, appointing Plaintiffs as representatives of the proposed class, and appointing undersigned counsel as counsel for the proposed class;

b. An order awarding actual, statutory, and all other damages available by law, along with pre-and post-judgment interest;

c. An order awarding attorneys' fees and costs;

d. An order declaring Defendant's conduct unlawful;

e. An order awarding all other relief that is just, equitable and appropriate.

**JURY TRIAL DEMANDED**

Plaintiffs request a jury trial on all claims so triable.

Respectfully Submitted,

Dated: August 16, 2019       By:   */s/ Kevin Abramowicz*
Kevin Abramowicz
BCJ Law LLC
186 42nd Street, P.O. Box 40127
Pittsburgh, PA 15201
(412) 223-5740
kevina@bcjlawyer.com

Mark G. Moynihan
Moynihan Law, P.C.
2 Chatham Center, Suite 230
Pittsburgh, PA 15219
(412) 889-8535
mark@moynihanlaw.net

*Attorneys for Plaintiffs*